675 N.W.2d 39 (2004)
469 Mich. 1011
Robert PARKS, Petitioner-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Respondent-Appellee.
Docket No. 124325, COA No. 247413.
Supreme Court of Michigan.
February 27, 2004.
On order of the Court, the application for leave to appeal the May 8, 2003 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARILYN J. KELLY, J., dissents and states as follows:
Petitioner is an inmate who lost credits for good time served because he received a disciplinary ticket for failing a blood alcohol test. Petitioner asserted that he had not consumed alcohol, but rather that his test result was a false positive caused by his diabetes. A hearing was held on his challenge before he received documentation that he said showed that, when the test was administered, he suffered from temporary diabetes caused by medication. Petitioner appealed, but received his medical file too late to submit it to the appellate tribunal.
He next pursued his appeal in the courts on his own behalf. The circuit court affirmed the disciplinary ticket. He sought to appeal in the Court of Appeals, but his claim was rejected because he filed an appeal as of right. MCR 7.203(A), 7.204.
*40 Petitioner should have filed an application for leave to appeal. MCR 7.203(B), 7.205.
The Court of Appeals refused to hear the claim for the technical reason that petitioner filed the wrong petition. Although he may now file a delayed application for leave to appeal, MCR 7.205(F), it will likely not be accepted until the requisite filing fee is paid. Petitioner is indigent and was unable to pay the full filing fee in his first appeal. He is now precluded from filing any other claim until the first fee is paid in full. MCL 600.2963(8).
Justice delayed because of a pleading technicality is justice denied. The Court of Appeals had the option to accept petitioner's claim for review. The merits of his appeal should have been considered. This Court should remand it to the Court of Appeals as on leave granted on the merits.
WEAVER, J., joins the statement of MARILYN J. KELLY, J.